UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TONY MANNS** | **CIVIL ACTION NO.  2:11-CV-891** |
| **FED. REG. #04916-032** | |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **J.P. YOUNG** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 on June 13, 2011 by petitioner Tony Manns.  Doc. 1.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).  Petitioner names the FCIO Warden J.P. Young as his defendant herein.

In his complaint petitioner alleges that the sentence imposed by the United States District Court for the Eastern District of Kentucky is unconstitutional as the sentencing judge denied him counsel during the arraignment, plea, and jury deliberation stages of his criminal trial, in violation of his Sixth Amendment right to counsel.  Doc. 1, p. 5.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

Petitioner was charged in a multiple count indictment of robbing two pharmacies.  *See United States v. Tony Manns,* 7:93-CR-00073 (E.D. Ky).  A jury found him guilty of one count

of conspiracy to possess with intent to distribute Schedule II controlled substances in violation of 21 U.S.C. §846, two counts of possession of Schedule II narcotics with intent to distribute in violation of 21 U.S.C. §841(a)(1), two counts of entering with intent to steal controlled substances in violation of 18 U.S.C. §2118(b), and two counts of using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Manns received a total sentence of 455 months.

On direct appeal, the United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence. See *United States v. Manns,* 61 F. 3d 904, 1995 WL 418315 (6th Cir. 2005). Petitioner then filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, on July 29, 1996. See, *Manns v. United States of America*, 7:96-cv-238 (E.D. Ky. (Pikeville). The motion was denied on June 4, 1998.

Manns also filed a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on May 7, 2009. The petition was dismissed on July 14, 2009. Petitioner filed the instant writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on June 13, 2011. Doc. 1.

*Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. § 2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Here, petitioner collaterally attacks his incarceration arguing sentencing error with regard to his federal drug conviction. Insofar as petitioner is contesting errors occurring during the trial,

and not the manner in which the sentence is being executed, his claim is more appropriately raised in a § 2255 Motion to Vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Consequently, he is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and he may not avail himself of section 2241 relief in this case. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore,

the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 must be dismissed for lack of jurisdiction.  *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### *Recommendation*

Accordingly, **IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 3rd day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE